Per Curiam.

The lease between the parties provides that • the premises shall be used only for the manufacture of custom-made furniture. Defendant is using the premises for manufacturing picture frames, pocketbook frames and Incite objects. Plaintiff claims that it learned of this use only at the beginning of the year 1946, and immediately instituted this action to enjoin it. Defendant claims that such use has been made of the premises since 1943, with the full knowledge of plaintiff.
Defendant has been lessee of the premises since 1927. The present dispute appears to be the culmination of recent differences between the parties. The record leaves us in doubt as to when the defendant commenced the enjoined use and when the plaintiff learned of it. If those were the only questions, we would accept the trial court’s findings thereon as conclusive. ,We believe, however, that consideration should be given in a controversy of this kind, particularly at this time of acute shortage of loft space as evidenced by the current emergency rent legislation, to the relative prejudice and benefit of the injunction to the parties. The prejudice to the defendant is obvious. He will have to give up what is presently his only, business. We cannot see, on the other hand, any benefit to the ■ plaintiff from the injunction or that plaintiff is prejudiced by the present use.
While the evidence indicates that defendant presently employs more persons than he did at the last time he manufactured furniture, it does not show that the number of employees in the present work averages any higher than it did in the furniture manufacturing. Plaintiff has not shown any undue or increased burden or strain on the building facilities, *106 or that its costs for insurance or operations have been increased, or that it has been prejudiced in any way by the added use.
The judgment should be reversed, without costs, and the complaint dismissed, without costs.